IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIEM HIEU LE,

     Plaintiffs,                   No. CIV S-06-2020 DFL KJM PS

     vs.

CITY OF STOCKTON, et al.,        <u>FINDINGS AND RECOMMENDATIONS</u>

     Defendants.

_____/

     Defendant's motion to dismiss came on regularly for hearing October 25, 2006. No appearance was made for plaintiff. Charmaine Jackson appeared for defendants. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

     In this action, plaintiff challenges actions taken by defendants to shut down operation of his property, the Lido Hotel, alleging defendants discriminated against him. Two state court actions are pending that raise the same issues as the instant federal court action. In one of the state court actions, the City is seeking a permanent injunction to close down plaintiff's hotel. The other state court action was brought by plaintiff and alleges the City engaged in

/////

/////

1

1 retaliation and discrimination.  Defense counsel at oral argument on the pending motion
2 represented that in the latter state court action, a demurrer was sustained without leave to amend
3 on the grounds that the same issues were being litigated in the state court action initiated by the
4 City.

5     The pending federal case fits within the parameters of <u>Younger v. Harris</u>, 401
6 U.S. 37 (1971).  Under <u>Younger</u>, a federal court should abstain from adjudicating a lawsuit if (1)
7 there are pending state judicial proceedings, (2) the state proceedings implicate important state
8 interests, and (3) the state proceedings provide an adequate opportunity to raise federal
9 questions.  <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432
10 (1982).  Here, both state court actions were filed prior to the federal case and the federal case is
11 still in its embryonic stage.  <u>See</u>  <u>Hawaii Housing Authority v. Midkiff</u>, 467 U.S. 229, 238
12 (1984).  Important state interests are implicated in the state case still pending in that the City is
13 trying to enforce its municipal code barring operation of a residential hotel without a permit.
14 Plaintiff also has a full opportunity to raise his civil rights claims in the state proceedings.  <u>See</u>
15 <u>Juidice v. Vail</u>, 430 U.S. 327, 337 (1977) (federal plaintiffs need only an opportunity to fairly
16 pursue constitutional claims in ongoing state proceedings).  This court should therefore abstain
17 from hearing these proceedings.

18     Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to
19 dismiss be granted.

20     These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 /////
25 /////
26 /////

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: November 3, 2006.

006
le.57

_____
U.S. MAGISTRATE JUDGE