IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIEM HIEU LE,

     Plaintiffs,      No. CIV S-06-2020 KJM PS

    vs.

CITY OF STOCKTON,      ORDER

     Defendant.

_____/

  Defendant's motion to dismiss came on regularly for hearing June 20, 2007. Plaintiff appeared in propria persona. Charmaine Jackson appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

  In this action, plaintiff challenges actions taken by defendant to shut down operation of his property, the Lido Hotel, alleging that defendant in so doing violated his civil rights. Defendant moves to dismiss, contending the present action is barred under the principles of res judicata. Defendant requests the court take judicial notice of the proceedings in two state court actions arising out of plaintiff's operation of the hotel. That request is granted.

  Under the doctrine of res judicata, "'[a] final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action.'" Fund

1  for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992) (quoting Davis & Cox v. Summa
2  Corp., 751 F.2d 1507, 1518 (9th Cir. 1985)).  The doctrine of res judicata consists of two
3  concepts, issue preclusion or collateral estoppel, and claim preclusion.  Migra v. Warren City
4  School District Board of Education, 465 U.S. 75, 77 n.1 (1984).  "Issue preclusion refers to the
5  effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."
6  Id.  "Claim preclusion bars the assertion of any theory of recovery that could have been asserted
7  in the first action."  Fund for Animals, 962 F.2d at 1398 (citing Robi v. Five Platters, Inc., 838
8  F.2d 318, 322 (9th Cir. 1988)).

9       When a state court judgment is the source of the claimed res judicata, 28 U.S.C.
10 § 1738 provides that a federal court must give the state court judgment the same full faith and
11 credit as it would be entitled to in the courts of the state in which it was entered.  See Allen v.
12 McCurry, 449 U.S. 90, 96 (1980).  Under California law, the application of res judicata depends
13 upon three factors:  (1) whether there is a final judgment on the merits in the earlier proceeding;
14 (2) whether the claims made in the subsequent action were litigated and decided in the first
15 proceeding, or could have been; and (3) whether the parties against whom the principle is
16 invoked were parties to the first adjudication or are in privity with such parties.  Bernhard v.
17 Bank of America Nat. Trust & Savings Ass'n, 19 Cal. 2d 807, 813 (1942).

18      The concept of res judicata as applied in California also focuses on the "primary
19 right" involved.

> [I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.

23 Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174 (1983).  If the same primary right is
24 involved in two actions, judgment in the first bars consideration of all matters that were raised or
25 could have been raised in the first suit.  Id. at 1175.
26 /////

1       Here, final judgment has been entered in the state court action, the federal and
2 state court actions involve the same parties, and plaintiff could have raised the constitutional
3 claims raised here as a defense to the state court enforcement action.  Although plaintiff at the
4 hearing on this matter emphasized that his constitutional claims were never raised in the state
5 court actions, the operative principle is that plaintiff could have raised these claims and failed to
6 do so. The instant action is therefore barred by res judicata.
7       Accordingly, IT IS HEREBY ORDERED that:
8       1.  Defendant's motion to dismiss is granted.
9       2.  This action is dismissed.
10 DATED: July 10, 2007.

                                                  _____
                                                  U.S. MAGISTRATE JUDGE

006
le.oah